IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILIP M. RAYMOND,                         Civ. No. 05-608-HO

        Plaintiff,                  ORDER

   v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Plaintiff seeks judicial review of the decision of the Commissioner finding a closed period of disability on plaintiff's application for disability insurance benefits.  For the reasons discussed below, the decision of the Commissioner is reversed. This matter is remanded for further proceedings and a new decision.

## Discussion

The administrative law judge (ALJ) found plaintiff disabled between December 30, 1999 through July 23, 2001.  Plaintiff contends the ALJ erred by reaching erroneous factual conclusions and by improperly rejecting the testimony of plaintiff and his

wife.

The ALJ found plaintiff not totally credible in his assertion of present inability to work,

> in that his activities demonstrate a much greater exertional capability than he acknowledges. As detailed above beginning July 23, 2001, Mr. Raymond was able to manage without pain medication. He apparently continued to participate in Karate, and in fact reported giving demonstrations at the college. Additionally, despite periodic exacerbation, by October 2001, Mr. Raymond was able to perform his "usual" 50 pound lifting without difficulty (Exhibit 14F/7). It should be understood that Mr. Raymond did not suddenly acquire the ability to lift 50 pounds, but was able earlier than the October date to do so. It appears reasonable that he was capable of medium exertion at least by July 23, 2001, when he stopped pain medication and felt well enough to wrestle with getting a too heavy item into his vehicle.

(Tr. 24).

Substantial evidence does not support the ALJ's finding that plaintiff was able to manage without pain medication as of July 23, 2001. Dr. Gideonse continued plaintiff on Oxycontin on July 23, 2001. (Tr. 272). Thereafter, pain was managed apparently through the hearing date with Neurontin, Ultram, Fentanyl or methadone. (Tr. 176, 271, 274, 348-54, 379). As for karate, Dr. McConochie's report is evidence that plaintiff reported participating and demonstrating karate at a time when he informed the Commissioner he was not able to do so. (Tr. 137, 382, 220, 222).

Considering the ALJ's finding that plaintiff was disabled through July 23, 2001, but not thereafter, the court cannot agree

2 - ORDER

with the Commissioner that any error regarding whether plaintiff ceased taking pain medication on that date or shortly thereafter is necessarily harmless. Assessment of treatment and its effects is relevant to determine the credibility of plaintiff's symptom testimony. See 20 C.F.R. § 404.1529(c)(3)(iv).

Plaintiff next contends that the ALJ ignored portions of Dr. Gideonse's chart notes documenting that plaintiff experienced pain, difficulty and irritability and was confrontational after July 23, 2001, and that Dr. Gideonse decreased plaintiff's methadone dosage after the switch to methadone made plaintiff sleepy. Although the ALJ erroneously determined that plaintiff stopped pain medication July 23, 2001, the ALJ's summary of the medical evidence demonstrates that he otherwise adequately considered Dr. Gideonse's chart notes, and the evidence cited by plaintiff does not mandate a finding of limitations in excess of the ALJ's determination of plaintiff's residual functional capacity (RFC).

Plaintiff faults the ALJ for relying on plaintiff's academic efforts as evidence that he can work. Pl's Memo. at 14. The decision does not specify what findings, if any, are based on plaintiff's participation and success in college. As noted by Dr. McConochie, plaintiff's success at college indicates some ability to relate to professors and students. (Tr. 22, 222). Whether plaintiff's academic activities undermine his claims of

3 - ORDER

physical impairment depends on the ALJ's determination of plaintiff's credibility.

The court rejects plaintiff's argument that the ALJ stated inadequate reasons to reject the testimony of plaintiff's wife that "[t]here's been a deterioration [in plaintiff's condition] over the last couple of years." (Tr. 417). The ALJ included nonexertional limitations in the RFC assessment, and noted plaintiff's ability to take and pass junior college course, thus demonstrating some social and organizational abilities. (Tr. 24). Regarding exertional limitations, the ALJ found Ms. Raymond's testimony that plaintiff cannot lift a bag of groceries to be contradicted by plaintiff's report, documented in the medical record, that he can perform his usual 50-pound lifting activities. Id. The reasons cited by the ALJ are germane to the witness. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ did not address the March 6, 2001 opinion of reviewing physician Richard Alley, and did not include limitations assessed by Dr. Alley in plaintiff's RFC. (Tr. 260-67). This was error. 20 C.F.R. § 404.1527(f)(2)(ii). This error does not merit in an award of benefits, however. The vocational expert (VE) testified that when the limitations identified by Dr. Alley were added to the ALJ's hypothetical question, the hypothetical worker could still perform sedentary jobs existing in significant numbers. (Tr. 25, 431-32).

4 - ORDER

Based on the errors identified above, the decision of the Commissioner is reversed. The court remands this matter for a new decision, including a new determination of plaintiff's credibility and a discussion of the weight given to Dr. Alley's opinions. On remand, the ALJ need not credit plaintiff's testimony as true, and is not precluded from reopening the hearing and receiving additional evidence. <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003). In assessing plaintiff's credibility, the ALJ should consider that plaintiff did not cease taking pain medication on July 23, 2001.[1]

## Conclusion

The decision of the Commissioner is reversed. This matter is remanded for further proceedings and a new decision.

IT IS SO ORDERED.

DATED this __12th__ day of May, 2006.

                                            s/ Michael R. Hogan
                                            United States District Judge

---

[1] The parties also seem to agree that the record contains evidence of plaintiff's activities not discussed by the ALJ. Def's Brief at 8, Pl's Reply Brief at 2.

5 - ORDER